Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
*Attorney for Plaintiff Sidney Naiman*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sidney Naiman, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Adjustable Bedding Concepts, Inc., d/b/a Easy Rest<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

## COMPLAINT - CLASS ACTION

Plaintiff, Sidney Naiman, individually and on behalf of all others similarly situated, brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") for violation by the Defendant, Adjustable Bedding Concepts, Inc., d/b/a Easy Rest ("Easy Rest").

### JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. §1337, and 47 U.S.C. § 227 (TCPA).

2.      Venue in this District is proper because the acts occurred here, Plaintiff resides here, and Easy Rest transacts business here.

### PARTIES & FACTS

3.      Plaintiff Sidney Naiman ("Plaintiff") is, and at all times mentioned

1

herein was an individual citizen of the State of California, who resides in the Eastern District of California.

4.    Easy Rest is headquartered in St Paul MN, and is a manufacturer and retailer of adjustable bed frames and mattresses.

5.    Defendant Easy Rest is authorized to conduct, and so regularly conducts, business in the State of California.

6.    At all times relevant herein, Plaintiff has been the subscriber and account holder for the cellular telephone number xxx-xxx-6443.

7.    At all times relevant herein, the 6443 number was registered on the National Do Not Call List.

8.    Between December 2017 and October 2018, Defendant placed numerous telephone calls to the 6443 number.

9.    Defendant placed all of these calls for telemarketing purposes and in order to sell its products.

10.    Defendant placed all of these calls using an automatic telephone dialing system, which dialed telephone numbers while no human being was on the line, and which caused Plaintiff to hear "dead air" when he answer calls and before the automated system transferred the calls to a waiting sales agent.

11.    During one such call on May 25, 2018, Plaintiff told Defendant that Plaintiff did not wish to receive any further telephone calls, thereby revoking any alleged consent that Defendant could claim to have to call Plaintiff's cellular telephone number.

12.    Despite Plaintiff's instruction to no longer call, Defendant continued to call the 6443 number for telemarketing purposes on numerous occasions thereafter, including on June 1, 2018, June 2, 2018.

13.    On June 4, 2018, an attorney representing Plaintiff sent a written communication to Defendant that reiterated Plaintiff's instruction for Defendant to cease its calls.

2

14.     Despite this additional instruction, Defendant continued to call the 6443 number for telemarketing purposes on several occasions thereafter, including on October 22, 2018, and October 24, 2018.

**THE TCPA**

15.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices - for example, computerized calls to private homes. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. *See Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

16.     Accordingly, the TCPA regulates, *inter alia*, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

17.     The TCPA provides a private right of action for violations of the autodialer provisions at section 227(b)(3).

18.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

19.     The FCC also held "[c]onsumers may revoke consent in any manner that clearly expresses a desire not to receive further messages, and that callers may not infringe on that ability by designating an exclusive means to revoke." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection*

3

*Act of 1991,* Declaratory Ruling and Order, FCC 15-72, 2015 FCC LEXIS 1586, ¶ 63, 30 FCC Rcd 7961, 2015 FCC LEXIS 1586, 62 Comm. Reg. (P & F) 1539 (F.C.C. July 10, 2015) ("FCC 2015 Order").

20.     Verbal instructions to cease collection calls apply to the TCPA and thus effectively revoke any prior consent the caller may have had. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

21.     Separate from the TCPA's regulation of autodialers, the statute and the FCC's implementing regulations also require telemarketers to institute and maintain procedures for honoring do not call requests, and to actually honor such requests within 30 days of the date of any such request. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d).

22.     The TCPA provides a provide right of action for violations of these do-not-call request regulations for telemarketing calls at section 227(c)(3).

## CLASS ALLEGATIONS

23.     Plaintiff restates each of the allegations in all other paragraphs as if full stated herein.

24.     Plaintiff, individually and on behalf of all others similarly situated, bring the above claims on behalf of a Class.

25.     The Autodialer Revocation Class consists of:

> (1)     All persons in the United States (2) subscribing to a cellular telephone number (3) to which Easy Rest placed a non-emergency telephone call (4) using the same dialing system it used to call Plaintiff (5) within 4 years of the date this complaint is filed (6) after receiving a request to no longer call that number.

26.     The Do-Not-Call Telemarketing Class consists of:

> (1)     All persons in the United States (2) subscribing to a telephone

4

number (3) to which Easy Rest placed at least two calls for
telemarketing purposes during a 12 month period (4) within 4 years of
the date this complaint is filed (5) at least thirty days after receiving a
request to no longer call that number.

27.    Easy Rest has caused consumers actual harm, not only because
consumers were subjected to the aggravation that necessarily accompanies these
calls, but also because consumers frequently have to pay their cell phone service
providers for the receipt of such calls; such calls are also an intrusion upon
seclusion, diminish cellular battery life, and waste data storage capacity.

28.    Plaintiff represents and is a member of the Classes. Excluded from the
Classes are Defendant and any entities in which Easy Rest has a controlling
interest, Easy Rest's agents and employees, the Judge to whom this action is
assigned, and any member of the Judge's staff and immediate family, and claims
for personal injury, wrongful death and/or emotional distress.

29.    Plaintiff does not know the exact number of members in the Classes,
but based upon the size and national scope of Easy Rest's business, Plaintiff
reasonably believes that the class members' number at a minimum in the thousands.

30.    Plaintiff and all members of the Classes have been harmed by Easy
Rest's actions.

31.    This Class Action Complaint seeks money damages and injunctive
relief.

32.    The joinder of all class members is impracticable due to the size and
relatively modest value of each individual claim. The disposition of the claims in a
class action will provide substantial benefit to both the parties and the Court in
avoiding multiplicity of identical suits. The class can be easily identified through
records maintained by Easy Rest.

33.    There are questions of law and fact common to the members of the
Classes, which common questions predominate over any questions that affect only

individual class members. Those common questions of law and fact include, but are not limited to:

        a.    Whether Easy Rest used an ATDS to place calls to cellular telephones;

        b.    Whether Easy Rest maintained adequate procedures to honor do not call requests

        c.    Whether Easy Rest's conduct was knowing or willful; and

        d.    Whether Easy Rest's actions violated the TCPA;

**34.** Plaintiff asserts claims that are typical of the members of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes, and Plaintiff does not have an interest that is antagonistic to any member of the Classes.

**35.** Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

**36.** A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Easy Rest to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Easy Rest is small because the statutory damages in an individual action for violation of the TCPA is small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

**37.** Easy Rest has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the

TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I: VIOLATION OF TCPA § 227 (b)(1)(A)(i).

38.     Plaintiff restates each of the factual allegations in all other paragraphs as if fully stated herein.

39.     The telephone call from Easy Rest to Plaintiff's cellular telephone number was made using an ATDS.

40.     Easy Rest, or its agents, placed calls to Plaintiff at a telephone number assigned to a cellular telephone service.  The telephone calls Easy Rest placed to Plaintiff were not placed for emergency purposes, as defined by TCPA § 227 (b)(1)(A)(i).

41.     At the time Easy Rest placed the phone calls alleged herein, Easy Rest did not have consent to do so.

42.     Easy Rest has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States "... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... ".

43.     As a result of Easy Rest's illegal conduct, the members of the class suffered actual damages and, under § 227(b)(3)(B), and are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

44.     Plaintiff and class members are also entitled to, and do, seek injunctive relief prohibiting Easy Rest's violations of the TCPA in the future.

## COUNT II: VIOLATION OF TCPA § 227 (c); 47 C.F.R. § 64.1200(c)(2)

45.     Plaintiff restates each of the factual allegations in all other paragraphs as if fully stated herein.

46.     Easy Rest placed at least two phone calls for telemarketing purposes to Plaintiff's phone number within a 12 month period at least thirty days after Plaintiff

7

had instructed Easy Rest to cease calling his number.

47. Easy Rest failed to maintain the required procedures for documenting and honoring do not call requests.

48. Easy Rest failed to honor Plaintiff's do not call requests.

49. As a result of Easy Rest's illegal conduct, the members of the class suffered actual damages and, under § 227(c)(3), and are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

50. Plaintiff and class members are also entitled to, and do, seek injunctive relief prohibiting Easy Rest's violations of the TCPA in the future.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and favor of the Classes, and against Easy Rest for:

1. A declaration that Easy Rest's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

2. An injunction requiring Easy Rest to maintain procedures for honoring do not call requests and to honor such requests

3. An award of actual damages;

4. An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

5. An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;

6. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

7. Attorney's fees, litigation expenses and costs of suit; and

8. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, demands trial by jury.


Dated:  April 25, 2019


By: /s/ Jeremy S. Golden
Jeremy S. Golden
*Attorney for Plaintiff Sidney Naiman*