1
2
3
4
5
6
7

8                            UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11 SIDNEY NAIMAN,

12                 Plaintiff,                    No.  2:19-cv-0702 MCE DB

13       v.

14 ADJUSTABLE BEDDING CONCEPTS,         FINDINGS AND RECOMMENDATIONS
INC., D/B/A/ EASY REST,

15

16                Defendant.

17

18        This matter came before the undersigned on December 6, 2019, pursuant to Local Rule

19 302(c)(19), for hearing of plaintiff's motion for default judgment.  (ECF No. 12.)  Attorney

20 Timothy Sostrin appeared on behalf of the plaintiff.  No appearance was made on behalf of the

21 defendant.  At that time, oral argument was heard and the motion was taken under submission.

22        Having considered all written materials submitted with respect to the motion, and after

23 hearing oral argument, the undersigned recommends that the motion for default judgment be

24 granted as explained below.

25                                 **BACKGROUND**

26        Plaintiff Sidney Naiman initiated this action through counsel on April 25, 2019, by filing a

27 complaint and paying the required filing fee.  (ECF No. 1.)  The complaint alleges that beginning

28 in December of 2017, defendant Adjustable Bedding Concepts began placing numerous telephone

calls to the cellular telephone number xxx-xxx-6443 belonging to the plaintiff using an automatic telephone dialing system.  (Compl. (ECF No. 1) at 2.[1])  On May 25, 2018, plaintiff instructed the defendant to no longer call.  (Id. at 2.)  On June 4, 2018, an attorney representing plaintiff sent a written request for the calls to cease.  (Id.)  But the calls continued on multiple occasions.  (Id. at 1-2.)

Pursuant to these allegations, the complaint alleges the defendant violated the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq*.  (Id. at 7.)  Plaintiff filed proof of service on defendant on April 25, 2019.  (ECF No. 3.)  On July 1, 2019, plaintiff filed requests for entry of defendant's default.  (ECF No. 7.)  The Clerk entered defendant's default on July 2, 2019.  (ECF No. 8.)

On October 14, 2019, plaintiff filed the pending motion for default judgment.  (ECF No. 9.)  Plaintiff's motion seeks statutory damages in the amount of $33,000.[2]  (ECF No. 9-1 at 10.)  The motion came for hearing before the undersigned on December 6, 2019.  (ECF No. 12.)  Despite being served with notice of the motion and hearing, no defendant appeared at the hearing or filed an opposition to plaintiff's motion for default judgement.  (ECF No. 9-4; ECF No. 11.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the undersigned for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

*////*

---

[1] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

[2] Plaintiff's motion makes reference to seeking costs without providing any specifics.  Plaintiff shall consult Local Rule 292.

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

# ANALYSIS

## A.    Appropriateness of the Entry of Default Judgment under the Eitel Factors

Plaintiff's motion for default judgement seeks judgement on the two claims presented in the complaint: a cause of action under 47 U.S.C. § 227(b)(1)(A)(i), and a cause of action under 47 U.S.C. § 227(c). (Pl.'s MDJ (ECF No. 9-1) at 7.) The factual allegations of plaintiff's complaint are taken as true pursuant to the entry of default against the defendant.

### 1.    Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether plaintiff would suffer prejudice if default judgment is not entered. When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered. Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1007 (C.D. Cal. 2014) (granting a default judgement for a disabled plaintiff suing under the ADA and Unruh Act, relying upon this rationale). Here, the defendant has failed to appear and defend against plaintiff's claims of violation of the TCPA.

Absent entry of default judgement, plaintiff would likely be without recourse against the defendant.  Because plaintiff will suffer prejudice if left without recourse, this factor favors an entry of default judgment.

**2.      Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The second and third factors are (1) the merits of plaintiff's substantive claim, and (2) the sufficiency of the complaint.  Eitel, 782 F.2d at 1471-72.  Thus, the second and third Eitel factors require plaintiff to state a claim on which plaintiff can recover.  PepsiCo, Inc. v. California Security Cans, 238 F.Supp.2d, 1172, 1175 (2002); see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).  Given the close relationship between the two inquiries, factors two and three are considered together.  As noted above, plaintiff seeks default judgment on the complaint's claims of violation of two provisions of the Telephone Consumer Protection Act.

**(1)      Telephone Consumer Protection Act**

"The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent."  Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1043 (9th Cir. 2017) (citation and quotation omitted).  Specifically, 47 U.S.C. § 227(b) of the TCPA make is "unlawful 'to make any call (other than . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service.'"  Henderson v. United Student Aid Funds, Inc., 918 F.3d 1068, 1071 (9th Cir. 2019) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)).

47 U.S.C. § 227(c) of the TCPA is violated when a call is placed to a "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."  47 C.F.R. § 64.1200(2)(c).  In this regard, 47 C.F.R. § 64.1200 provides that, "No person or entity shall initiate any telephone solicitation to: . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the

4

1    Federal Government.  Such do-not-call registrations must be honored indefinitely, or until the

2    registration is cancelled by the consumer or the telephone number is removed by the database

3    administrator."  "This regulation also applies to wireless telephone subscribers who have

4    registered their numbers on the national do-not-call registry."  Heidorn v. BDD Marketing &

5    Management Company, LLC, Case No. C-13-0229 JCS, 2013 WL 6571629, at *10 (N.D. Cal.

6    Aug. 19, 2013) (citing 47 C.F.R. § 64.1200(e)).  "[D]irect-to-voicemail messages are a 'call'

7    under the TCPA[.]"  Saunders v. Dyck O'Neal, Inc., 319 F.Supp.3d 907, 912 (W.D. Mich. 2018).

8           Here, the complaint alleges that plaintiff's 6443 phone number was registered on the

9    National Do Not Call List at all relevant times.  (Compl. (ECF No. 1) at 2.)  Despite that

10   registration, defendant used an automated telephone dialing system to call plaintiff's cellular

11   phone "on numerous occasions" between December 2017 and October 2018.  (Id.)  "Despite

12   Plaintiff's instructions to no longer call, Defendant continued to call the 6443 number for

13   telemarketing purposes on numerous occasions[.]"  (Id.)

14          The undersigned finds that the complaint has stated claims for violation of the TCPA.  See

15   Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) (highlighting

16   that the three elements of a TCPA claim as (1) the defendant called a cellular telephone number;

17   (2) using an automatic telephone dialing system; (3) without the recipient's prior express

18   consent); Drew v. Lexington Consumer Advocacy, Case No. 16-cv-0200 LB, 2016 WL 9185292,

19   at *7 (N.D. Cal. Aug. 11, 2016) ("Mr. Drew thus states a claim for violation of § 64.1200(c)(2)

20   because Lexington messaged him while his phone number was on the do-not-call registry.")  The

21   second and third Eitel factors thus weigh in favor of the entry of default judgment.

22          **3.      Factor Four: The Sum of Money at Stake in the Action**

23          Under the fourth factor cited in Eitel, the undersigned "must consider the amount of

24   money at stake in relation to the seriousness of Defendant's conduct."  Eitel, 782 F.2d at 1471-72;

25   see also Philip Morris U.S.A. Inc. v. Castworld Prods., 219 F.R.D. 494, 500 (C.D. Cal. 2003).  In

26   this case, plaintiff seeks statutory damages of $33,000.  (Pl.'s MDJ (ECF No. 9-1) at 10.)  The

27   undersigned does not find the overall sum of money at stake to be so large or excessive as to

28   militate against the entry of default judgment.  See Frehligh v. Roc Asset Solutions, LLC, Case No.

5

16-cv-0653 MEJ, 2016 WL 3748723, at *6 (N.D. Cal. June 8, 2016)  ("Because this amount is neither substantial nor unreasonable and the statutory damages are tied to Defendant's misconduct, the fourth factor weighs in favor of default judgment.").

    **4.**       **Factor Five: The Possibility of a Dispute Concerning Material Facts**

    This <u>Eitel</u> factor considers the possibility that material facts are disputed.  "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." <u>PepsiCo, Inc.</u>, 238 F.Supp.2d at 1177.  Here, there appears to be no material facts in dispute.  This factor weighs in favor of a default judgment.

    **5.**       **Factor Six: Whether the Default Was Due to Excusable Neglect**

    This <u>Eitel</u> factor considers the possibility that the defendant's default was the result of excusable neglect.  Despite having been properly served with plaintiff's complaint, the requests for entry of default, and the instant motion for default judgment defendant has been non-responsive in this action.  (ECF Nos. 6, 7-1, 9-4, 11.)  Thus, the record suggests that the defendant has chosen not to defend this action, and that the default did not result from excusable neglect.  Accordingly, this <u>Eitel</u> factor favors the entry of default judgment.

    **6.**       **Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits**

    The final <u>Eitel</u> factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment.  <u>Eitel</u>, 782 F.2d at 1472.  Generally, default judgments are disfavored, and a case should be decided on the merits whenever possible.  <u>See</u> <u>Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985).  However, where a defendant's failure to appear "makes a decision on the merits impractical, if not impossible" entry of default judgment is warranted.  <u>PepsiCo, Inc.</u>, 238 F.Supp.2d at 1177; <u>see also</u> <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F.Supp.2d 1039, 1061 (N.D. Cal. 2010).  Because the defendant has failed to respond in this matter, a decision on the merits is impossible.  Therefore, the seventh <u>Eitel</u> factor does not preclude the entry of default judgment.

////

////

1         **7.**        **Summary of <u>Eitel</u> Factors**

2         In sum, upon consideration of all the <u>Eitel</u> factors the undersigned finds that plaintiff is

3 entitled to a default judgment against the defendant and recommends that such a default judgment

4 be entered.  The undersigned therefore turns to plaintiff's requested damages.

5 **B.**        **Terms of the Judgment to Be Entered**

6         **1.**        **Statutory Damages**

7         Plaintiff's motion seeks $33,000 in statutory damages based on multiple violations of the

8 two provisions of the TCPA discussed above.  (Pl.'s MDJ (ECF No. 9-1) at 3-4.)  A plaintiff

9 "may recover statutory damages for the § 227(b) and § 227(c) violations even though these

10 violations arise from the same telephone contact."  <u>Drew v. Lexington Consumer Advocacy</u>, Case

11 No. 16-cv-0200 LB, 2016 WL 9185292, at *10 (N.D. Cal. Aug. 11, 2016); <u>see</u> <u>also</u> <u>Charvat v.</u>

12 <u>NMP</u>, LLC, 656 F.3d 440, 449 (6th Cir. 2011) ("a person may recover statutory damages of

13 $1500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3), and

14 $1500 for a willful or knowing violation of the do-not-call-list requirements, § 227(c)(5)—even if

15 both violations occurred in the same telephone call").  Subject to the court's discretion, plaintiffs

16 who establish a violation of the TCPA "may recover the greater of their actual monetary loss or

17 $500 per violation and treble damages where a violation is willful or knowing."  <u>Gallion v.</u>

18 <u>Charter Communications Inc.</u>, 287 F.Supp.3d 920, 923 (C.D. Cal. 2018) (citing 47 U.S.C. §

19 227(b)(3)).

20         Here, the motion for default judgment asserts that Plaintiff "received seventeen phone

21 calls from Easy Rest and each one of those call violated both provisions of the TCPA."  (Pl.'s

22 MDJ (ECF No. 9-1) at 4.)  For nine of those phone calls, Plaintiff seeks $500 for each of the dual

23 violations of the TCPA because the calls "were placed before Plaintiff called Easy Rest to make a

24 direct do-not-call request," for a total of $9,000.  (<u>Id.</u>)  With respect to the other eight calls,

25 Plaintiff seeks $1,500 for each of the dual violations of the TCPA because the calls occurred after

26 Plaintiff "explicitly told Easy Rest to stop calling," for a total of $24,000.  (<u>Id.</u>)  Thus, in total

27 plaintiff seeks an award of $33,000 in damages.  (<u>Id.</u>)

28 ////

1   Although plaintiff's allegations may be sufficient to establish that some of the defendant's

2   actions were willful, there is no evidence that defendant has repeatedly engaged in such conduct

3   or that an award of the statutory minimum would be insufficient to dissuade defendant from

4   future violations of the TCPA.  Accordingly, the undersigned finds that an award of $17,000 in

5   statutory damages is more than sufficient to accomplish the goals of the TCPA.  See

6   Ellis v. Energy Enterprise USA, Inc., Case No. 17-cv-0497 VKD, 2018 WL 6816112, at *6 (N.D.

7   Cal. Nov. 11, 2018) ("On this record, an award of minimum statutory damages in the amount of

8   $8,000 is sufficient to address the violations claimed and to serve the purposes of the TCPA's

9   remedial provisions."); Heidorn, 2013 WL 6571629, at *17 ("Although Plaintiff's allegations are

10  sufficient to establish that Defendant acted willfully, it finds that the $11,000.00 statutory damage

11  award is sufficient to accomplish the purposes of the TCPA.")

12  Accordingly, the undersigned recommends that plaintiff be awarded a total of $17,000 in

13  statutory damages.

**CONCLUSION**

14

15  For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

16  1.  Plaintiff's October 14, 2019 motion for default judgment (ECF No. 9) be granted;

17  2.  Judgment be entered against defendant Adjustable Bedding Concepts, Inc.;

18  3.  Defendant be ordered to pay plaintiff $17,000 in statutory damages; and

19  4.  This case be closed.

20  These findings and recommendations will be submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2018).  Within thirty

22  (30) days after these findings and recommendations are filed, any party may file written

23  objections with the court.  A document containing objections should be titled "Objections to

24  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

25  and filed within fourteen (14) days after service of the objections.  The parties are advised that

26  ////

27  ////

28  ////

failure to file objections within the specified time may, under certain circumstances, waive the
right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 31, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:Jen-Ann(6)
DB\orders\orders.civil\naiman0702.mdj.f&rs

9